UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RUSSELL PEELER JR,** : | |
| Petitioner, : | |
| : | **Crim. No. 3:99CR67 (AHN)** |
| v. : | **Civ. No. 3:02CV145 (AHN)** |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| Respondent. : | |

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2255

Petitioner Russell Peeler ("Peeler") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 requesting that his November 19, 1999, conviction be vacated, set aside, and/or corrected. Peeler was convicted by a jury for conspiracy to possess with intent to distribute multi-kilogram quantities of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  He was sentenced to life imprisonment on March 24, 2000, to run concurrently with a state life sentence he was already serving for murder.  He now challenges his federal imprisonment on the ground that the government did not disclose impeachment evidence and other information that was favorable to him at trial and that he received ineffective assistance of appellate counsel.  As set forth below, his petition [dkt. # 297] and amendments thereto [dkt. ## 307, 320, 336] are denied.

BACKGROUND

The facts adduced at trial show that, beginning as early as 1996, Peeler and his brother, Adrian Peeler, ran a large-scale crack cocaine distribution operation out of a building at 345

Benham Avenue, Bridgeport, Connecticut.  At trial, the government introduced considerable evidence against Peeler, mostly in the form of witness testimony, including David Jennings ("Jennings"), who converted powder cocaine to crack cocaine for Peeler's operation; various lieutenants and workers, including Ryan Peeler ("Ryan Peeler"), Corey King ("King"), Damon Clark ("Clark"), and Angelina Keene ("Keene"); and other witnesses, notably Alfredo Vargas ("Vargas"), who was the superintendent of a building that housed Peeler's "stash pad."  Other evidence introduced at trial consisted of Peeler's cellular phone and beeper records, and various items seized during warranted searches.  The federal investigation also helped state authorities to obtain murder convictions against Peeler for the killings of Leroy Brown Jr. ("Brown") and his mother, Karen Clark ("Clark").

Peeler appealed his federal conviction and sentence on the basis of ineffective assistance of trial counsel and for violations under Apprendi v. New Jersey, 530 U.S. 466 (2000). The Second Circuit denied both claims.  See United States v. Kennedy, 21 Fed. Appx. 82 (2d Cir. 2001).

## DISCUSSION

Peeler now seeks to correct and/or vacate his sentence on the ground that (1) the government failed to disclose impeachment evidence and other information at trial that was favorable to his case, and (2) appellate counsel was ineffective.  The government contends that Peeler's petition is without merit.  The court

2

agrees.

I.   <u>Failure to Disclose Evidence</u>

Peeler claims that he is entitled to habeas relief because the government failed to disclose impeachment and other evidence that would have been favorable to him at trial. In particular, Peeler alleges that the government did not disclose: (1) letters and phone conversations he had with Keene and Ryan Peeler; (2) a September 17, 1999, letter from King to a detective; (4) Peeler's cellular phone records; (5) Vargas's criminal record; (6) evidence relating to the Brown and Clark murders; (7) details of how federal agents became involved in the state's murder investigation against him; and (8) reports showing that the true purpose of the federal investigation was to aid state officials. The government submits that it disclosed the evidence identified by Peeler and that, in any event, Peeler is not entitled to relief because he does not demonstrate that such evidence was material to his defense.

Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the government's failure to fulfill its disclosure obligations may implicate constitutional rights and therefore may entitle a habeas petitioner to collateral relief from a conviction or sentence. <u>See</u> <u>United States v. Addonizio</u>, 442 U.S. 178, 185-86 (1979) (stating that § 2255 provides relief for errors that are constitutional, jurisdictional, or in some other respect fundamental in nature). "There are three components of a true

Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [government], either willfully or inadvertently; and prejudice must have ensued." Boyette v. Lefevre, 246 F.3d 76, 89 (2d Cir. 2001) (quoting Stickler v. Greene, 527 U.S. 263, 281-82 (1999)). It is generally accepted, however, that claims not timely raised at trial or on direct appeal -- even those implicating constitutional rights -- will be barred from § 2255 habeas review unless the petitioner can demonstrate "cause" and "prejudice" for the procedural default. See United States v. Campino, 968 F.2d 187, 190-91 (2d Cir. 1992). Still, because the analysis for prejudice in the procedural default context entails much the same prejudice analysis with regard to a Brady claim, the court will forgo the procedural default analysis and review Peeler's claim on its merits. Compare United States v. Frady, 456 U.S. 152, 170 (1982) (defining prejudice, for purposes of determining procedural default, as a reasonable probability that petitioner would suffer a substantial disadvantage of "constitutional dimensions") with United States v. Bagley, 473 U.S. 667, 682 (1985) (stating that prejudice results from the suppression of evidence "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different"); but see Campino, 968 F.2d at 190 (implying that the procedural default rule should not be

4

lightly disregarded because collateral review "places a heavy burden on scarce judicial resources, may give litigants incentives to withhold claims for manipulative purposes, and may create disincentives to present claims when evidence is fresh") (citation and quotations omitted).

    A.   <u>Impeachment Evidence</u>

A review of the merits of Peeler's <u>Brady</u> claim shows that he is not entitled to habeas relief -- even if the court assumes that the government willfully or inadvertently suppressed the evidence at issue -- because he does not demonstrate that he could have used such evidence to impeach witnesses or exculpate himself, and that the suppression of that evidence prejudiced the result of his trial. <u>See</u> <u>Boyette</u>, 246 F.3d at 89. In particular, Peeler utterly fails to identify how recorded communications with Keene and Ryan Peeler, the King letter, cellular phone records, and evidence relating to his involvement in the Brown and Clark murders would have been favorable to him with regard to the narcotics trafficking charges he was convicted of in the federal trial. <u>See</u> <u>Kyles v. Whitley</u>, 514 U.S. 419, 436-37 (1995) (reviewing court must consider suppressed evidence "collectively, not item by item"). Although Peeler is not required to show that such evidence would have resulted ultimately in his acquittal in order to prevail on his <u>Brady</u> claim, <u>see</u> <u>id.</u> at 434-37, he must demonstrate nonetheless that due to the undisclosed evidence he did not receive a fair trial.

See Boyette, 246 F.3d at 91-92 (quoting Kyles, 514 U.S. at 434-35). In other words, Peeler fails to show how the evidence at issue "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles, 514 U.S. at 435. Similarly, beyond conclusory assertions, Peeler does not state how the cellular phone records could have been used for impeachment purposes or why they were exculpatory, much less how the suppression of such evidence affected the result at trial.

Peeler's additional claim that the government did not disclose impeachment evidence regarding Vargas's criminal history is also fatally flawed. Contrary to Peeler's assertion, the record shows that the government disclosed to Peeler that Vargas had prior criminal convictions for disorderly conduct and risk to a minor. Indeed, the government filed an in limine motion to preclude Peeler from using those convictions to cross-examine Vargas. Nonetheless, even assuming that the government did suppress evidence of Vargas's prior convictions, Peeler does not demonstrate how he could have used such evidence to impeach Vargas's trial testimony in light of the fact that Vargas's prior convictions were not felonies or crimes involving dishonesty and thus were not admissible. See Fed. R. Evid. 609 (stating factors to be considered when admitting evidence for the purpose of attacking the credibility of a witness). Therefore even if undisclosed, such evidence does not constitute Brady material

6

because it was inadmissible and Peeler does not show that it could have led to other admissible, material evidence.  <u>United States v. Gil</u>, 297 F.3d 93, 104 (2d Cir. 2002) ("To be material [under <u>Brady</u>], evidence must be admissible or lead to admissible evidence.") (quoting <u>Coleman v. Calderon</u>, 150 F.3d 1105, 1116-17 (9th Cir. 1998) (<u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>)).  Accordingly, because Peeler has not met the required showing for his <u>Brady</u> claim with regard to the government's alleged suppression of impeachment evidence, the court cannot grant him habeas relief on this basis.

    B.  <u>Other Evidence</u>

Peeler's <u>Brady</u> claim also fails to the extent that he claims the government did not disclose evidence showing (1) how federal agents became involved in the ongoing state investigation against him, and (2) that the true purpose of the federal investigation was to aid state officials.  Here too, Peeler fails to demonstrate how evidence that the federal investigation yielded information helpful to the ongoing state murder investigation, even if not disclosed, was material to his federal trial that charged him with narcotics offenses only.  See <u>Kyles</u>, 514 U.S. at 435 (requiring a showing that evidence at issue in <u>Brady</u> claim "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict").  Accordingly, Peeler fails to make a <u>Brady</u> claim warranting habeas relief on this basis as well.

7

II. <u>Ineffective Assistance of Appellate Counsel</u>

Peeler further alleges that his appellate counsel was ineffective on direct appeal because he did not adequately raise ineffective assistance of trial counsel and <u>Apprendi</u> claims and also because appellate counsel mailed Peeler's petition for an <u>en banc</u> hearing to the wrong address.[1]  The government submits that Peeler's ineffective assistance of counsel claim fails on all bases.  The court agrees.

Under <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing.  First, the petitioner must demonstrate that counsel's performance was deficient, that is, errors were made of such serious magnitude that petitioner was deprived of the counsel guaranteed by the Sixth Amendment.  <u>See</u> <u>id</u>.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different.  <u>See</u> <u>id</u>. at 694 (citing cases).  In this case, none of the alleged deficiencies regarding counsel's performance satisfies <u>Strickland</u>'s two-prong test.

---

[1] In addition, Peeler alleges that he was denied effective assistance of counsel on appeal because his appellate counsel withdrew and the Second Circuit denied his motion to have new counsel appointed.  Peeler's claim is baseless.  The court of appeals docket show that appellate counsel moved to withdraw as Peeler's attorney on December 19, 2001, and that the Second Circuit granted the motion on January 3, 2002, both of which occurred after the Second Circuit affirmed Peeler's sentence on November 8, 2001.  Thus, Peeler claim that he was not represented by counsel on direct appeal fails.

Here, Peeler fails to demonstrate that appellate counsel performed deficiently because he did not adequately raise ineffective assistance of trial counsel and Apprendi claims on direct review. Peeler does not indicate why the manner in which appellate counsel raised those arguments was inadequate, or what other arguments counsel should have raised on those bases. Indeed, merely because the Second Circuit ultimately rejected Peeler's claims does not mean, without more, that appellate counsel was ineffective. See Strickland, 466 U.S. at 689 (stating that there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance).

Peeler's other argument that appellate counsel was deficient because he mailed the petition for en banc review to the wrong address also fails. In particular, Peeler fails to demonstrate that there was any probability whatsoever that he would have been granted en banc review, see Fed. R. App. P. 35 (stating that "en banc hearing or rehearing is not favored and ordinarily will not be ordered unless . . . consideration is necessary to secure or maintain uniformity of court's decisions . . . [or] the proceeding involves a question of exceptional importance"), and that the result of such a review would have been different from the one on appeal. See Strickland, 466 U.S. at 687. Thus, Peeler's ineffective assistance of appellate counsel claim must

also be denied.[2]

## CONCLUSION

For the foregoing reasons, Peeler's petition for a writ of habeas corpus [dkt. ## 297, 307, and 320] is DENIED. Because petitioner fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(a)(2).

So ordered this ___ day of July, 2005, at Bridgeport, Connecticut.

_____
Alan H. Nevas
Senior United States District Judge

---

[2] Peeler's petition is also denied to the extent he seeks habeas relief on the basis of Blakely v. Washington, 124 S.Ct. 2531 (2004). The rule announced in Blakely, and in its federal equivalent, United States v. Booker, 125 S.Ct. 738 (2005), is merely a procedural rule, and not a substantive right, see Schriro v. Summerlin, 124 S.Ct. 2519 (2004). Because Peeler's conviction became final before Booker was decided, the court cannot now apply it retroactively on habeas review. See Teague v. Lane, 489 U.S. 288 (1989). Peeler's petition is therefore denied on this ground as well.

10

11